322

DENNIS C. KELLER, SR., Petitioner and Appellant, v. EDGAR H. REEDER, JAMES J. FLAHERTY, and REX F. HIBBS, Members thereof, and the Unemployment Compensation Commission of Montana, Defendants and Respondents.

No. 11231.
Submitted February 8, 1967. Decided April 4, 1967.
425 P.2d 830.

Graybill, Graybill & Ostrem, Leo Graybill, Jr. (argued) Great Falls, for appellant.

John F. Bell (argued), Helena, for respondents.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

This is an appeal from a judgment rendered by Judge Paul G. Hatfield, of the district court of Cascade County, sitting without a jury. The trial court rendered judgment for the respondent, Unemployment Compensation Commission, and against the claimant, who then appealed.

The facts are brief. Appellant was severely injured while employed as a heavy equipment operator on September 3, 1963. This injury was an industrial accident. Appellant was paid temporary total disability and subsequently and after the healing period ended he made application to the Montana Industrial Accident Board for a lump sum settlement for the injury of September 3, 1963.

On April 15, 1965, appellant was awarded the lump sum of $5,600 in full and final settlement of his claim. This $5,600 represented payment for 175 weeks at the rate of $32.00 per week, dating from September 13, 1964, to January 27, 1968.

Claimant had filed on September 16, 1964, an Unemployment Compensation claim and was paid $34.00 per week for the last two weeks of December, 1964, and the first week in January, 1965, a total of $102.00. Claimant repaid this $102.00 on July 15, 1965.

From January, 1965, claimant was conversant with and had notice of Section 87-106(e) (2), R.C.M.1947, which states:

"An individual shall be disqualified for benefits * * *

"(e) For any week with respect to which he is receiving or has received payment in the form of * * *

"(2) Compensation for disability under the Workmen's Compensation Law or the Occupational Disease Law of this or any other state or under a similar law of the United States * * *."

The claimant after receiving the lump sum award of $5,600 on April 15, 1965, worked intermittently during that year until November 30, 1965, when he was laid off.

On December 7, 1965, notwithstanding the fact that he had on July 15, 1965, repaid the sum of $102.00 to the Commission, he again filed a claim for Unemployment Compensation benefits.

On December 10, 1965, the Commission notified the claimant that he was disqualified to receive Compensation benefits until after January 27, 1968.

Claimant then appealed to the district court and a trial was had. The presiding judge found for the Commission and this appeal followed.

Two specifications of error are cited.

1. Whether or not section 87-106(e) (2), R.C.M.1947, bars a claimant from receiving Unemployment Compensation benefits because of a prior lump-sum Workmen's Compensation settlement.

2. Whether or not claimant's appeal from "disqualification" for benefits was barred by failure to appeal on a prior claim.

Rendering to the statute just common sense and ordinary meaning, we point out that not only the Commission but likewise the courts are limited by the statute. It is most apparent that the Commission could not legally allow the claim under the facts in this cause, and neither could the courts have sustained an award, had it been made as a matter of law.

We further observe that by reason of our decision on the first specification of error, it is not necessary to rule or comment on the second specification.

For purposes of information we note that the Fortieth Legislative Assembly recently adjourned amended section 87-106 by adding the following language:

"* * * That compensation received as a lump sum payment for a permanent disability shall not be computed to be spread over a period of weeks in advance so as to bar the recipient

from receiving benefits under the unemployment compensation law for any week except the one in which the lump sum payment is made, providing the recipient has earned sufficient new wage credits following settlement."

This amendment becomes effective July 1, 1967, and offers no solace to this claimant.

The judgment of the district court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR, CASTLES and JOHN CONWAY HARRISON concur.